UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHASKE ROCKBOY, | ) | |
| | ) | |
| Plaintiff, | ) | 4:24-cv-4093 |
| | ) | |
| v. | ) | COMPLAINT |
| | ) | |
| CHARLES MIX COUNTY, SOUTH DAKOTA; | ) | |
| RANDY THALER, OFFICIALLY and | ) | |
| INDIVIDUALLY; DERIK ROLSTON, | ) | |
| OFFICIALLY and INDIVIDUALLY; | ) | |
| and JAN BUDAVICH, OFFICIALLY and | ) | |
| INDIVIDUALLY, | ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW, the above-named Plaintiff by and through the undersigned counsel who files this Complaint as follows:

**<u>PARTIES</u>**

1.      Plaintiff Chaske Rockboy, an indigenous male, enrolled member of the Yankton Sioux Tribe, is a natural person who resides in the town of Lake Andes on the Yankton Sioux Reservation.

2.      Defendant Charles Mix County, South Dakota, exists under the constitution and laws of the State of South Dakota.

3.      Defendant Randy Thaler is the Charles Mix County Sheriff.

4.      Defendant Derik Rolston is a deputy sheriff for Charles Mix County.

5.      Defendant Jan Budavich is a deputy sheriff for Charles Mix County.

**JURISDICTION AND VENUE**

6.      The Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this action

asserts claims arising under the Constitution, laws, and treaties of the United States; and pursuant

to 28 U.S.C. § 1367 because the pendent state law claims are so related to the claims in original

jurisdiction that they form part of the same case or controversy.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a

substantial part of the events giving rise to the claims occurred in this District.

**FACTS**

8.      On December 2, 2021, Plaintiff was traveling between Lake Andes, South Dakota

and Vermillion, South Dakota.

9.      By 9:38 a.m. CST, Plaintiff was leaving the Lake Andes area.

10.      By 10:51 a.m. CST, Plaintiff was traveling through the Yankton area.

11.      At approximately 11:30 a.m. CST, Plaintiff arrived in the Vermillion area.

12.      During this time frame, at 10:11 a.m. CST, Plaintiff began live streaming through

Facebook, lasting an hour and fourteen minutes.

13.      During the live stream, at 11:09 a.m. CST, Plaintiff made comments in reference

to a state court judge while traveling somewhere between Yankton and Vermillion, South

Dakota.

14.      Later that day, Defendant Rolston, a sheriff's deputy for Charles Mix County,

received a report that the Plaintiff had been on Facebook threatening to kill a judge.

15.      Defendant Rolston then searched Plaintiff's Facebook account and viewed the

video that Plaintiff livestreamed earlier in the day.

16.     After viewing the video, Defendant Rolston along with Defendant Thaler, Charles Mix County Sheriff, located the Plaintiff's vehicle in the town of Lake Andes.

17.     Defendant Rolston attempted to initiate a traffic stop.

18.     Defendant Budavich, another sheriff's deputy for Charles Mix County, was present to assist in the stop and positioned her patrol vehicle in front of Plaintiff's vehicle at the intersection of School Street and 4th Avenue.

19.     Upon stopping the Plaintiff's vehicle, Defendant Thaler advised Plaintiff that he was being placed under arrest for threatening to kill a judicial officer.

20.     Defendant Rolston then smashed the passenger side window of Plaintiff's vehicle to gain entry.

21.     Defendants next forcibly grabbed Plaintiff from the vehicle and violently took him to the ground.

22.     Defendants caused injuries to the Plaintiff, which required that he be taken from the scene by ambulance to the hospital for medical care and treatment.

23.     Additional medical attention was required due to the injuries sustained by Plaintiff.

24.     The chain of events – beginning with the Defendants locating the Plaintiff's vehicle in the town of Lake Andes, to the stop and arrest – occurred within an area demarcated as Tribal Block Group B on the 2020 US Census map, all within the boundaries of the Yankton Sioux Reservation established by the 1858 Treaty between the United States and the Yankton Tribe.  The Defendant governmental entity had no legitimate business in locating and arresting the Defendant in the area demarcated as Tribal Block Group B or the Town of Lake Andes.  The location the events occurred was within Indian country under clearly established federal law.

25.    Defendants used excessive force in arresting the Plaintiff on December 2, 2021.

26.    Plaintiff's arrest on December 2, 2021, was without a warrant.

27.    Plaintiff's arrest on December 2, 2021, was without probable cause that he had committed a crime in Charles Mix County.

28.    Plaintiff's arrest on December 2, 2021, was unreasonable.

29.    Defendants arrested Plaintiff on December 2, 2021, without jurisdiction to do so.

30.    Defendants violated Plaintiff's rights under the United States Constitution.

31.    Plaintiff's constitutional deprivations were caused by official policy or custom of the Defendant governmental entity.

32.    The training program of the Defendant governmental entity was inadequate in relation to the tasks performed by the Charles Mix County Sheriff's Office, including an official indifference to the rights of persons with whom the Charles Mix County Sheriff's Office come into contact, and the inadequacy of the training caused the Plaintiff's constitutional deprivations.

33.    As a result of Defendants' conduct outlined above, Plaintiff suffered deprivations of his constitutional rights, injuries and damages including, but not limited to, physical pain and suffering, mental pain and suffering and emotional anguish and distress, harm to his economic and dignitary interests, pecuniary loss, medical costs and expenses, and other damages in an amount to be determined by a jury.

**COUNT 1:        DEPRIVATION OF RIGHTS – 42 U.S.C. § 1983**

34.    Plaintiff restates and realleges the foregoing paragraphs 1 through 33 as though fully set forth herein.

35.    Defendants Rolston, Thaler, and Budavich, officially and individually, acted under the color of state law causing deprivations of Plaintiff's federal rights.

36.     Defendants deprived Plaintiff of substantive and procedural due process under the Fourteenth Amendment of the United States Constitution.

37.     Defendants deprived Plaintiff of the right to be free from unreasonable searches and seizures under the Fourth Amendment of the United States Constitution.

38.     Defendants intentionally violated Plaintiff's federal rights or acted with reckless indifference to the Plaintiff's federal rights, as detailed by the above facts.

39.     Defendants violated Plaintiff's clearly established federal rights based on the facts outlined above.

40.     As a result of Defendants' conduct outlined above, Plaintiff has suffered injuries and damages, including irreparable harm for which an immediate threat continues to exist entitling Plaintiff to equitable relief.

41.     Plaintiff is entitled to recover reasonable attorney's fees under 42 U.S.C. § 1988.

### COUNT 2:        NEGLIGENCE / GROSS NEGLIGENCE

42.     Plaintiff restates and realleges the foregoing paragraphs 1 through 41 as though fully set forth herein.

43.     Defendants owed Plaintiff a duty to exercise reasonable and ordinary care and awareness in acting as law enforcement officers under the color of state law, and a duty of care not to violate Plaintiff's rights.

44.     Defendants negligently and carelessly departed from and breached the duties it owed to Plaintiff, based on the conduct detailed above.

45.     As a direct and proximate result of Defendants' breaches of the duties owed to Plaintiff, Plaintiff has suffered injuries and damages which are compensable under South Dakota law, as shown by the above alleged facts.

46.     Defendants' conduct in breaching the duties owed to Plaintiff and in causing the Plaintiff to suffer injuries and damages, was knowing, willful, intentional and/or reckless.

47.     Defendants knew or should have known that there existed a substantial likelihood, or that it was a virtual certainty, that Plaintiff's rights would be violated and that he would suffer constitutional harm, physical injuries, and damages because of their course of action.

48.     Despite that knowledge, Defendants engaged in their course of action anyway.

49.     Defendants are guilty of gross negligence and willful, wanton, or reckless misconduct.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

A.  Declaring the Town of Lake Andes under the continuing, primary jurisdiction of the Yankton Sioux Tribe and United States.

B.  Awarding prospective declaratory and injunctive relief proscribing the constitutional violations outlined above.

C.  Awarding compensatory, general, special, and consequential damages for injuries and harm caused to Plaintiff by Defendants' deprivations and violations Plaintiff's federal rights and by Defendants' negligence, in an amount to be determined by the jury in this case.

D.  Awarding punitive damages.

E.  Awarding attorney's fees.

F.  Awarding case costs.

G.  Interest.

H.  For such other and further relief as deemed appropriate.

**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 12th day of May 2024.

/s/ Tucker Volesky
Tucker Volesky
Attorney at Law
356 Dakota Ave. S.
Huron, SD 57350
(605) 352-2126
tucker.volesky@tuckervoleskylaw.com

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Chaske Rockboy

**DEFENDANTS**

Charles Mix County, South Dakota, Randy Thaler, Derik Rolston, and Jan Budavich

**(b)** County of Residence of First Listed Plaintiff    Charles Mix County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Charles Mix County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Tucker Volesky, 356 Dakota Ave. S., Huron, SD 57350
(605) 352-2126

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane    [ ] 365 Personal Injury - | [ ] 690 Other | [ ] 423 Withdrawal | [ ] 376 Qui Tam (31 USC |
| [ ] 130 Miller Act | [ ] 315 Airplane Product    Product Liability | | 28 USC 157 | 3729(a)) |
| [ ] 140 Negotiable Instrument | Liability    [ ] 367 Health Care/ | | **INTELLECTUAL** | [ ] 400 State Reapportionment |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel &    Pharmaceutical | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| & Enforcement of Judgment | Slander    Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers'    Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted | Liability    [ ] 368 Asbestos Personal | | [ ] 835 Patent - Abbreviated | [ ] 460 Deportation |
| Student Loans | [ ] 340 Marine    Injury Product | | New Drug Application | [ ] 470 Racketeer Influenced and |
| (Excludes Veterans) | [ ] 345 Marine Product    Liability | | [ ] 840 Trademark | Corrupt Organizations |
| [ ] 153 Recovery of Overpayment | Liability    **PERSONAL PROPERTY** | | [ ] 880 Defend Trade Secrets | [ ] 480 Consumer Credit |
| of Veteran's Benefits | [ ] 350 Motor Vehicle    [ ] 370 Other Fraud | **LABOR** | Act of 2016 | (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle    [ ] 371 Truth in Lending | [ ] 710 Fair Labor Standards | | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract | Product Liability    [ ] 380 Other Personal | Act | **SOCIAL SECURITY** | Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal    Property Damage | [ ] 720 Labor/Management | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | Injury    [ ] 385 Property Damage | Relations | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ |
| | [ ] 362 Personal Injury -    Product Liability | [ ] 740 Railway Labor Act | [ ] 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | [ ] 751 Family and Medical | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | Leave Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights    **Habeas Corpus:** | [ ] 790 Other Labor Litigation | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting    [ ] 463 Alien Detainee | [ ] 791 Employee Retirement | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment    [ ] 510 Motions to Vacate | Income Security Act | [ ] 870 Taxes (U.S. Plaintiff | Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/    Sentence | | or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | Accommodations    [ ] 530 General | | [ ] 871 IRS—Third Party | [ ] 899 Administrative Procedure |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities -    [ ] 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment    **Other:** | [ ] 462 Naturalization Application | | Agency Decision |
| | [ ] 446 Amer. w/Disabilities -    [ ] 540 Mandamus & Other | [ ] 465 Other Immigration | | [ ] 950 Constitutionality of |
| | Other    [ ] 550 Civil Rights | Actions | | State Statutes |
| | [ ] 448 Education    [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Section 1983

Brief description of cause:
Deprivation of Rights

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE

May 12, 2024

SIGNATURE OF ATTORNEY OF RECORD

Tucker Volesky

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____