UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| CHASKE ROCKBOY, <br><br> Plaintiff, <br><br> vs. <br><br> CHARLES MIX COUNTY; RANDY THALER, Officially and Individually; DERIK ROLSTON, Officially and Individually; JAN BUDAVICH, Officially and Individually, <br><br> Defendants. | 4:24-CV-04093-ECS <br><br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL AND REQUIRING AN INITIAL PARTIAL FILING FEE |

Plaintiff Chaske Rockboy filed a complaint alleging violations of his civil rights under 42 U.S.C. § 1983. Doc. 1. At the time Rockboy filed his complaint, he paid the full filing fee and was not incarcerated. Id. ¶ 1. During the pendency of this case, Rockboy has become incarcerated and is currently housed at the Mike Durfee State Prison. Doc. 61. Defendants moved for summary judgment, and Rockboy moved for partial summary judgment. Docs. 21, 33. This Court granted summary judgment in favor of Defendants and against Rockboy and entered judgment in part with prejudice and in part without prejudice. Docs. 63, 64. Rockboy filed a notice of appeal. Doc. 65. He moves for leave to proceed in forma pauperis on appeal, Doc. 66, and filed a certified copy of his prisoner trust account report, Doc. 67.

Under 28 U.S.C. § 1915(a)(2),

> [a] prisoner seeking to bring a civil action or appeal a judgment or proceeding without prepayment of fees or security therefore . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of

appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

The Eighth Circuit has noted that "[i]n [its] view, Congress's definition of 'prisoner' as one who is incarcerated necessarily refers to the individual's status at the time the civil action is filed or appealed." Williams v. Scalleta, 11 F. App'x 677, 678 (8th Cir. 2001) (per curiam). Despite Rockboy's status as a non-prisoner at the time the civil action was initiated, he is a prisoner at the time his notice of appeal was filed, and thus, is a prisoner for determining his motion for leave to proceed in forma pauperis on appeal.

Under the Prison Litigation Reform Act (PLRA), a prisoner who "files an appeal in forma pauperis . . . [is] required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). This obligation arises "the moment the prisoner . . . files an appeal." Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (per curiam) (quoting In re Tyler, 110 F.3d 528, 529–30 (8th Cir. 1997)). "[W]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." Id. (quoting McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997)). "[P]risoners who appeal judgments in civil cases must sooner or later pay the appellate filing fees in full." Id. (footnote and citation omitted).

In Henderson, the Eighth Circuit set forth "the procedure to be used to assess, calculate, and collect" appellate filing fees in compliance with the PLRA. 129 F.3d at 483. First, the court must determine whether the appeal is taken in good faith. Id. at 485 (citing 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)). Then, so long as the prisoner has provided the court with a certified copy of his prisoner trust account, the court must "calculate the initial appellate partial filing fee as provided by § 1915(b)(1), or determine that the provisions of § 1915(b)(4) apply." Id. The initial partial filing fee must be 20 percent of the greater of:

2

(A)     the average monthly deposits to the prisoner's account; or

(B)     the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

28 U.S.C. § 1915(b)(1).  Nonetheless, no prisoner will be "prohibited from . . . appealing a civil or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."  § 1915(b)(4).

It appears that Rockboy's appeal is taken in good faith.  His most recent prisoner trust account report shows average monthly deposits of $160.00 and an average monthly balance of $783.67.  Doc. 67 at 1.  Rockboy's motion for leave to proceed in forma pauperis on appeal, Doc. 66, is granted, and Rockboy must pay an initial partial filing fee of $156.73 (20 percent of his average monthly balance).  Rockboy must pay the initial partial filing fee of **$156.73 by April 15, 2026**.  Accordingly, it is

ORDERED that Rockboy's motion for leave to proceed in forma pauperis on appeal, Doc. 66, is granted.  Rockboy must make a payment of **$156.73 by April 15, 2026**, made payable to the Clerk, U.S. District Court.  It is further

ORDERED that the Clerk of Court will send a copy of this order to the appropriate financial official at Rockboy's institution.  It is finally

ORDERED that the institution having custody of Rockboy is directed that whenever the amount in Rockboy's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding

month to Rockboy's trust account shall be forwarded to the U.S. District Court Clerk's Office

under 28 U.S.C. § 1915(b)(1) until the $605 appellate filing fee is paid in full.

DATED this 16 day of March, 2026.

BY THE COURT:

_____

ERIC C. SCHULTE
United States District Judge